

Joseph R.
**VEITH** Criminal Law &
Personal Injury

2511 N. Stanton St.  o: 915.540.9187  e: JVeith@JoeVeith.com
El Paso, TX 79902    f: 915.207.1206

March 18, 2024

> ORDER: The application for Defendant Medina to appear remotely on March 28, 2024, is granted, on consent.
>
> March 19, 2024
>
> *Taryn A. Merkl*
> Taryn A. Merkl,
> U.S.M.J., E.D.N.Y.

The Honorable Taryn A. Merkl
U.S. Magistrate Judge, Eastern District of New York

**Sent Via Email**

Subject: <u>United States v. Hector Medina</u>, Case No. 1:24-MJ-00178; Request for Initial Appearance by Video Conference

Your Honor,

     I was retained to represent Hector Medina, a life-long resident of El Paso, Texas, in this matter, prior to his recent surrender to authorities in El Paso, Texas.  My primary place of legal practice is also El Paso, Texas.  Given the geographical complexity involved, and the substantial anticipated expenses associated with travel to New York, I respectfully request permission for both myself and Mr. Medina to appear via video conference at his Initial Appearance, scheduled for March 28, 2024, pursuant to Fed. R. Crim. P. 5(g).[1]  I have discussed this matter with AUSA Andrew Grubin, who has expressed his agreement with the relief sought herein.

     Mr. Medina self-surrendered on March 6, 2024 in coordination with local authorities in El Paso, Texas.  He was subsequently released on an agreed bond following his Initial Appearance in the United States District Court, Western District of Texas (El Paso), on March 7, 2024 (Case No: 3:24-MJ-01014).  Thereafter, Mr. Medina promptly waived his Rule 5 Proceedings, and Preliminary Hearing, on March 8, 2024.

     Mr. Medina is hopeful that the Court will grant his request for remote appearance, recognizing the considerable financial strain Mr. Medina would face if required to travel to New York for this brief hearing.  The Parties are also in agreement on extending the time limits to file information or indictment in this matter.  (See Attachment, "<u>Application and Order of Excludable Delay</u>").  Moreover, to date, there has been significant communication between the Government and Defense in this matter, including bond and plea negotiations.  There is optimism that a plea agreement may be reached in the foreseeable future.  Should the Court approve this request for

---

[1] Video teleconferencing may be used to conduct an appearance under this rule if the defendant consents.  Fed. R. Crim. P. 5(g).

remote appearance, it would open up the opportunity for Mr. Medina to potentially enter his plea during his next in-person court appearance.  This approach would enable Mr. Medina to address these charges with minimal travel to New York.

                                                              Sincerely,

                                                             *Joseph Veith*

                                                             Joseph R. Veith
                                                             Attorney for Hector Medina